IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARRY SLAKMAN, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:20-CV-4822-SCJ |
| | : | |
| STATE BOARD OF PARDONS | : | |
| AND PAROLES, et al., | : | |
| Defendants. | : | |

# ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant action be dismissed. [Doc. 23]. Plaintiff has filed his objections in response to the R&R. [Doc. 25].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

AO 72A
(Rev.8/82)

In 2001, Plaintiff, an inmate at Dodge State Prison in Chester, Georgia, was convicted of murdering his wife and sentenced to life in prison.[1] Plaintiff, who periodically has been denied parole, was recently considered for parole in March 2020. [Doc. 22 at 3, 17-20]. On August 4, 2020, the Georgia State Board of Pardons and Paroles Board (the Board) informed Plaintiff that it had denied parole. "The main reason cited by the Board, after a review of the totality of your case, is insufficient amount of time served to date given the nature and circumstances of your offenses(s)." [Id. at 22]. Plaintiff initiated this 42 U.S.C. § 1983 civil rights action against the Board and the chairman thereof, claiming that, by retroactively adopting a policy requiring convicted murderers serving life sentences to serve at least thirty years, the Board has violated Plaintiff's ex post facto rights. When Plaintiff committed his crimes, the requirement was that murderers with life sentences would serve at least seven to nine years, and Plaintiff declined an offer that he serve five years and proceeded to trial in reliance on the policy that he would serve approximately seven years if convicted. He further contends that his equal protection rights have been violated because other, similarly-situated convicted murderers have been release after serving less time than he now has.

---

[1] Plaintiff committed his crimes in 1993. His 1994 jury trial conviction was reversed by the Georgia Supreme Court in 2000. <u>Slakman v. State</u>, 533 S.E.2d 383 (Ga. 2000). He was retried and convicted in 2001.

AO 72A
(Rev.8/82)

Defendants filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure to state a claim for relief. The Magistrate Judge concluded that Defendants' motion should be granted. The Magistrate Judge agreed with Defendants that the Board is immune from suit and further concluded that Plaintiff's claims are barred by the two-year statute of limitations applicable to § 1983 actions brought in Georgia.

With respect to Plaintiff's specific claims for relief, the Magistrate Judge concluded that Plaintiff's ex post facto claim failed because it is clear that the Board has not retroactively applied O.C.G.A. § 17-10-6.1—enacted in 2006 and requiring that all prisoners sentenced to life for violent felonies serve at least thirty years—because, as Plaintiff acknowledges in his complaint, the Board has periodically *considered* Plaintiff for parole over the years in compliance with the law that was in effect at the time that he murdered his wife. See also Sultenfuss v. Snow, 35 F.3d 1494, 1501-1502 (11th Cir. 1994) (en banc) (noting that Georgia's parole system confers wide discretion on the Board to consider whether inmates should be granted parole).

The Magistrate Judge further concluded that Plaintiff's equal protection claim failed. Plaintiff is not a member of a protected class, he has not alleged he was denied parole based on a suspect classification, and his attempt to state a claim as a "class of

3

one" fails because he has not shown comparators who were identical to him in all relevant respects. See Fuller v. Georgia State Bd. of Pardons and Paroles, 851 F.2d 1307, 1309 (11th Cir. 1988) ("The decision to grant or deny parole is based on many factors such as criminal history, nature of the offense, disciplinary record, employment and educational history, etc.").[2]

In his objections, Plaintiff mostly restates the arguments that he made before the Magistrate Judge. This Court concludes that the Magistrate Judge's conclusions in response to those arguments were proper, and in any event "general objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object." Chester v. Bank of Am., N.A., 1:11-CV-1562-MHS, 2012 WL 13009233, at *1 (N.D. Ga. Mar. 29, 2012)). With respect to those rare instances where Plaintiff contends that the Magistrate Judge erred, this Court responds as follows.

---

[2] In his response to Defendants' motion to dismiss, [Doc. 15], and in his objections, Plaintiff repeatedly indicates that his due process rights were violated by the Board's decisions to deny him parole. As pointed out by the Magistrate Judge, [Doc. 23 at 7 n.4], Plaintiff, who is proceeding with counsel, did not raise a due process claim in his complaint, he has not sought to amend his complaint, and thus no due process claim is properly before the Court. In any event, it is well established that Georgia prisoners have no liberty interest in being released on parole. Sultenfuss, 35 F.3d at 1502.

AO 72A
(Rev.8/82)

Plaintiff's arguments regarding the immunity of the individual members of the Board entirely miss the mark because the Magistrate Judge determined only that the Board as an agency of the State enjoys immunity from § 1983 liability. Plaintiff's further contention that he is entitled to due process protections in the Board's decision making based on the Supreme Court's opinion in Morrissey v. Brewer, 408 U.S. 471 (1972), is unavailing as the holding Morrissey related only to the question of whether parole may be revoked without due process. Similarly, other cases relied upon by Plaintiff for the proposition that the Board has violated his due process and ex post facto rights, e.g., Garner v. Jones, 529 U.S. 244 (2000); California Dept. of Corrections v. Morales, 514 U.S. 499 (1995); Jackson v. State Bd. of Pardons & Paroles, Case No. 2:01-CV-068-WCO, 2002 WL 1609804, at *1 (N.D. Ga. May 30, 2002), are inapplicable because they all concern the frequency with which inmates are considered for parole or when they initially become eligible for parole, and as discussed both in the R&R and above, it is clear that Plaintiff has been considered for parole in compliance with the standards in effect when he committed his crimes. Given the fact that the Board retains "virtually unfettered discretion" in determining a prisoner's eligibility for release on parole, Jones v. Georgia State Bd. of Pardons and Paroles, 59 F.3d 1145, 1150 (11th Cir. 1995), a change in how Board members choose to exercise that discretion "creates only the most speculative and attenuated possibility

of producing the prohibited effect of increasing the measure of punishment for covered crimes." Morales, 514 U.S. at 500. This Court thus agrees with the Magistrate Judge that Plaintiff has failed to state a valid claim that his ex post facto rights have been violated.

Finally, this Court responds to Plaintiff's contention, with respect to his equal protection claim, that he

> does not fail to show that his case was prima facie identical to comparators, as he had a more favorable record in all relevant respects. Similarly situated inmates include those with life sentences for murder who were sentenced before January 1, 1995. Plaintiff has no other criminal history that is not linked to this case, he has a clean disciplinary record for over15 [sic] years, and he has impressive employment and education experience and history.

[Doc. 25 at 16].

This Court points out that Plaintiff has entirely failed to mention the nature of his crime, see Fuller, 851 F.2d at 1309, which was the very basis that the Board cited in its most recent decision denying parole. Plaintiff beat and strangled his wife to death while she was taking a shower after she indicated that she wanted a divorce. Slakman v. State, 533 S.E.2d 383, 385 (Ga. 2000) ("An autopsy revealed that Shana died between the hours of 6:00 a.m. and 8:00 a.m. from severe head trauma complicated by manual strangulation."). Plaintiff has not alleged that the comparators

6

that he cites committed crimes that were as truly horrific as his. As such, he has not alleged a viable equal protection claim.

Having reviewed the R&R in light of Plaintiff's objections, this Court concludes that the Magistrate Judge is correct. Accordingly, the R&R, [Doc. 23], is hereby **ADOPTED** as the order of this Court, Defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for a failure to state a claim is **GRANTED**, and the complaint is **DISMISSED**.

The Clerk is **DIRECTED** to close this action and enter judgment in favor of Defendants.

**IT IS SO ORDERED**, this 22nd day of June, 2021.

                                      s/Steve C. Jones
                                      HONORABLE STEVE C. JONES
                                      UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)